IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jerome Curry, | ) | C/A No. 2:20-2343-TMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER REGARDING** |
| | ) | **AMENDMENT OF COMPLAINT** |
| Benjamin Lewis; Charleston Police Department; Officer Roger Owen; Officer William T. Crockett, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Jerome Curry, a self-represented state pretrial detainee, brings this civil rights action pursuant to 42 U.S.C. § 1983. The Complaint has been filed pursuant to 28 U.S.C. § 1915 and § 1915A. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court finds this action is subject to summary dismissal if Plaintiff does not amend the Complaint to cure the deficiencies identified herein.

**I.    Factual and Procedural Background**

Plaintiff is an inmate in the Al Cannon Detention Center in Charleston County. Plaintiff indicates he was arrested on May 13, 2020 by City of Charleston police officers and Defendants Roger Owen and William T. Crockett. Plaintiff claims he did not commit a crime and asserts Owen "slammed" him to the ground face-first, which required Plaintiff be treated at a hospital. (Compl., ECF No. 1 at 8.) Plaintiff claims that the officers' conduct violated numerous constitutional provisions and amounted to defamation and abuse of power. (Id. at 4.) Plaintiff also names the Charleston Police Department as a defendant.

Plaintiff also claims his current public defender, Defendant Benjamin Lewis, violated numerous constitutional rights and committed legal malpractice. Plaintiff provides a copy of a motion to relieve Lewis from the Charleston County Court of General Sessions in which Plaintiff generally complains that he told Lewis about evidence that will prove his innocence and that Lewis indicated Plaintiff needed to stay in jail longer. (Id. at 6-7.) Plaintiff indicates he brings this action pursuant to 42 U.S.C. § 1983 seeking damages against the defendants. (Id. at 8.)

## II.     Discussion

### A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity. See McLean v. United States, 566 F.3d 391 (4th Cir. 2009). Section 1915A requires, and § 1915 allows, a district court to dismiss the case upon a finding that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

To state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter,

accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B.    Analysis**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Here, Plaintiff names many constitutional provisions that he feels the police officers violated, but Plaintiff provides so few facts about his arrest in the Complaint, he fails to plausibly allege that the officers violated his rights. See Fed. R. Civ. P. 8 (requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); Iqbal, 556 U.S. at 678 (stating Federal Rule of Civil Procedure 8 does not require detailed factual allegations, but it requires more than a plain accusation that the defendant unlawfully harmed the plaintiff,

devoid of factual support). Therefore, Plaintiff's claims against Defendants Owen and Crockett are subject to summary dismissal for failure to state a claim upon which relief can be granted if Plaintiff does not amend his Complaint to allege facts plausibly showing that the officers violated Plaintiff's rights.[1]

And, to the extent Plaintiff raises claims against his public defender, Lewis, pursuant to § 1983, public defenders are not "state actors" amenable to suit under § 1983. See Polk Cty. v. Dodson, 454 U.S. 312, 324-25 (1981); see also Hall v. Quillen, 631 F.2d 1154, 1155 (4th Cir. 1980) (finding no state action under § 1983 even where the plaintiff's attorney was a court-appointed public defender); Campbell v. North Carolina, No.1:12-CV-719, 2013 WL 2153110, at *2 n.1 (M.D.N.C. May 16, 2013) (collecting cases finding that federal public defenders are not amenable to suit pursuant to Bivens). Plaintiff's allegation against Lewis concerns Lewis's judgment as Plaintiff's advocate in his criminal proceeding, and therefore, does not implicate any state action. Nor has Plaintiff pled any facts that would indicate Lewis was acting in a role that has been found to implicate state action in other cases. See, e.g., Dodson, 454 U.S. 312, 324-25 (1981) (administrative and investigative functions); Tower v. Glover, 467 U.S. 914, 920 (1984)

---

[1] Additionally, Defendant Charleston Police Department is not a "person" amenable to suit pursuant to § 1983 because it is not an individual or a corporate or political entity. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); see, e.g., Harden v. Green, 27 F. App'x 173, 178 (4th Cir. 2001) ("The medical department of a prison may not be sued, because it is not a person within the meaning of § 1983.").

(conspiracy with state actors).  Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted against Lewis.[2]

Further, because Plaintiff's § 1983 claim against Lewis is patently without merit, Plaintiff's purported legal malpractice claim would also be subject to summary dismissal because the court lacks subject matter jurisdiction over such a claim.  A claim of legal malpractice is a matter of state law, and the Complaint indicates Plaintiff and Lewis are citizens of the State of South Carolina.  Accordingly, the court would lack federal question jurisdiction and diversity jurisdiction over such a claim, which, as noted *infra*, belongs in a separate lawsuit from his claims against the Charleston police officers.  See generally 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332 (diversity jurisdiction); Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 nn. 13-16 (1978) (providing that diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side).

Consequently, Plaintiff's Complaint is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) for failure to state a claim upon which relief can be granted.  Plaintiff is hereby granted **twenty-one (21) days** from the date this order is entered (plus three days for mail time) to file an **amended complaint** pursuant to Federal Rule of Civil Procedure

---

[2] The court also notes that Plaintiff's allegations against Lewis concern a separate transaction and occurrence from Plaintiff's claims about his arrest.  Accordingly, Plaintiff's claims are subject severance by the court.  See Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party."); see also Fed. R. Civ. P. 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011) (providing that where a plaintiff fails to observe the requirements of Federal Rule of Civil Procedure 20(a)(2) with respect to joinder of parties, unrelated claims against different defendants belong in separate lawsuits, and the action may be severed into separate lawsuits, or the improperly joined defendants may be dismissed).

15(a) that corrects the deficiencies identified above.³ If Plaintiff fails to file an amended complaint that corrects those deficiencies, this action will be recommended for summary dismissal pursuant to 28 U.S.C. § 1915 and § 1915A.

**IT IS SO ORDERED**.

August 4, 2020　　　　　　　　　　　　　　Paige J. Gossett
Columbia, South Carolina　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important WARNING on the following page.*

---

³ Any amended complaint filed by Plaintiff is also subject to further initial review by the court pursuant to 28 U.S.C. § 1915A and § 1915A. Further, Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. See Young v. City of Mount Ranier, 238 F .3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); see also 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . .").

# IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

# WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to *ALL* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).