# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Jerome Curry, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:20-cv-2343-TMC |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| Officer William T. Crockett; ) | |
| Charleston County Police Dep't; ) | |
| Officer Roger Owen; 5 Unknown ) | |
| Arresting Officers, ) | |
| ) | |
| Defendants. ) | |
| ) | |

On June 22, 2020, Plaintiff Jerome Curry, a state pretrial detainee proceeding *pro se*, brought this action under 42 U.S.C. § 1983 (ECF No. 1) and sought to proceed in forma pauperis under 28 U.S.C. §§ 1915 and 1915A. (ECF No. 2). Plaintiff alleged that Officers Crockett and Owen committed numerous constitutional violations in connection with his arrest. (ECF No. 1 at 3–8). Plaintiff summarily alleged in his complaint that Defendants violated his equal protection and due process rights and engaged in unlawful racial profiling in connection with his arrest but provided few factual allegations about his arrest other than to state that on May 13, 2020, Defendant Owen slammed him onto the ground "face first." *Id*. at 8. Plaintiff alleged that he was not guilty of the charges, including armed robbery, first

degree assault and battery, and possession of a knife during commission of a violent crime, and claimed to have various alibis that would exonerate him. *Id*. at 6. Plaintiff also named the Charleston County Police Department as a Defendant in this action.[1]

The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). On August 4, 2020, the magistrate judge issued an order advising Plaintiff that his action was subject to summary dismissal unless he amended the complaint to cure various deficiencies identified in the order. (ECF No. 9). The magistrate judge concluded that "Plaintiff provides so few facts about his arrest in the Complaint, he fails to plausibly allege that the officers violated his rights." *Id*. at 3. The magistrate judge advised Plaintiff that the claims against Defendants Owen and Crockett were "subject to summary dismissal for failure to state a claim upon which relief can be granted if Plaintiff [did not] amend his Complaint to allege facts plausibly showing that the officers violated Plaintiff's rights." *Id*. at 4. With respect to any claims against Defendant Charleston Police Department, the magistrate judge noted that the Charleston Police Department "is not a 'person' amenable to suit pursuant to § 1983

---

[1] Additionally, Plaintiff named his attorney, who was employed in the public defender's office, as a Defendant. (ECF No. 1). Plaintiff subsequently dropped his claims against his appointed counsel when he filed an amended complaint. (ECF No. 11).

because it is not an individual or a corporate or political entity." *Id*. at 4 n.1. The magistrate judge granted Plaintiff twenty-one days from the date of the order, plus three days to allow for mail, to file an amended complaint correcting the deficiencies. *Id*. at 5–6. The order warned Plaintiff that the failure to do so would result in a recommendation for summary dismissal pursuant to 28 U.S.C. § 1915 and § 1915A. *Id*. at 6.

On August 12, 2020, Plaintiff filed an amended complaint. (ECF No. 11). Except for a new allegation that five "unknown" officers participated with Defendants Crockett and Owen in his arrest, the amended complaint failed to set forth any additional facts that would permit the court to assess whether he stated a viable claim against Defendants. *Id*. at 4–6. The remainder of the amended complaint simply asserted legal conclusions without providing a supporting factual basis. *See id*.

On September 10, 2020, the magistrate judge issued a Report and Recommendation (the "Report") finding that the amended complaint "still fails to state a viable claim and should be summarily dismissed without prejudice and issuance of service of process." (ECF No. 15 at 1). The magistrate judge explained as follows:

> Despite having availed himself of the opportunity to cure the deficiencies previously identified by the court, Plaintiff's Amended Complaint should nonetheless be summarily dismissed. In the Amended Complaint,

3

> Plaintiff drops the public defender as a defendant and adds "five unknown arresting officers" as unnamed and unidentified defendants. However, Plaintiff fails to add any new facts in the Amended Complaint that plausibly show the defendants violated his rights. The Amended Complaint is mostly legal conclusions accompanied by bare factual allegations that fail to explain what happened to him. Consequently, the Amended Complaint also fails to state a claim upon which relief may be granted for the reasons explained in the court's order regarding amendment.

*Id.* at 2–3. Therefore, the magistrate judge recommended the court summarily dismiss this action without prejudice and without issuance and service of process. *Id*. at 3. On September 11, 2020, the Report was sent via United States mail to Plaintiff at the address he has provided the court. (ECF No. 16). The Report has not been returned as undeliverable. Plaintiff was advised of his right to file specific written objections to the Report and of the consequences of failing to do so. (ECF No. 15 at 4). Plaintiff did not file objections to the Report, and the time for doing so has now passed.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a

specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, "[i]n the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation." *White v. Stacher*, C/A No. 6-05-1737-GRA-WMC, 2005 WL 8163324, at *1 (D.S.C. Aug. 29, 2005) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Having reviewed the Report and finding no clear error, the court agrees with, and wholly adopts, the magistrate judge's conclusions and recommendations in the Report (ECF No. 15), which are incorporated herein by reference. Therefore, this case is **DISMISSED without prejudice** and without issuance and service of process.

Additionally, as the magistrate judge noted, the disposition of this action will constitute a "strike" as a result of Plaintiff's failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed

on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
October 27, 2020

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.